## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2331 JCH |
| | ) | |
| STATE FARM AUTOMOBILE | ) | |
| INS. CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.  Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee.  As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Additionally, the Court has reviewed the second amended complaint[1] and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

---

[1]The second amended complaint supercedes all previously filed complaints and will be the only complaint this Court will review.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly

suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

### The Second Amended Complaint

Plaintiff brings this action for monetary damages pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.[2] Plaintiff claims that defendants violated his rights by invading his privacy and breaching his confidence in relation to an unlawful detainer action that they filed against him in Alaska state court in April of 2012. Named as defendants are: State Farm Automobile Insurance Company; the law firm of Farley & Graves, P.C.; Laura L. Farley (lawyer representing Longitude 150 LLC

---

[2]Plaintiff additionally asserts that he is bringing this lawsuit pursuant to 18 U.S.C. § 1028, as well as § 505(a)(7) of the Federal Trade Commission Act and 11 U.S.C. § 362 of the Bankruptcy Code. Plaintiff does not have a right of action under any of the aforementioned statutes for "invasion of privacy" and "breach of confidence" for the claims outlined in his second amended complaint. Section 1028 is a criminal statute and cannot be used as a basis for jurisdiction in this civil matter. As for plaintiff's second ground for jurisdiction, the Court presumes that plaintiff is referring to the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801 et seq., relating to the privacy of consumer financial information. Not only are none of the defendants in this action financial institutions, but also, there is no private right of action for an alleged violation of the GLBA. See Dunmire v. Morgan Stanley DW, Inc., 475 F.3d 956 (8th Cir. 2007). Finally, plaintiff's assertions under the bankruptcy code have already been litigated in the bankruptcy court to no avail. See infra.

in the Alaska state court action); Barbara Pittman (Landlord); Greg Pittman (Landlord); Longitude 150 LLC (private business/Landlord Company); and Richard Crabtree (lawyer in the Alaska state court action).[3]

The gist of plaintiff's complaints against defendants appears to be that defendants Longitude 150 LLC, Greg Pittman and Barbara Pittman, through their lawyers, (the defendant lawyers), filed an unlawful detainer action against him in April of 2012 in Alaska state court. At the time of the filing of the state court action, the Pittmans and Longitude 150 LLC appear to have been insured by State Farm Automobile Insurance Company. Plaintiff takes issue with the fact that at some point during the Alaska state court action, the Pittmans allegedly provided Cook Inlet Housing Authority information relating to plaintiff's tenancy. Plaintiff asserts that

---

[3]The Court takes judicial notice of plaintiff's prior attempts to bring claims against defendants in the bankruptcy court. See In re Walker, Case No. 12-47852-399 (Bkr. E.D. Mo.). The Honorable Barry S. Schermer decided in two separate opinions, on October 15, 2013 and November 12, 2013, that plaintiff could not bring a pre-petition (for the time period prior to October 15, 2013) claim against any of the defendants for an invasion of privacy as this cause of action was barred by plaintiff's failure to inform the bankruptcy court of the existence of such a cause of action. However, he left plaintiff free to pursue post-petition claims against defendants, should he choose to do so, in another forum. Judge Schermer further decided that defendants had not intentionally violated the bankruptcy stay and dismissed plaintiff's allegations asserting such. This Court will not overrule Judge Schermer's reasoned findings relating to the aforementioned.

the Pittmans not only provided Cook Inlet Housing Authority[4] with a false "Landlord Reference Checklist," but they also provided the Housing Authority with personal information about plaintiff without his consent, including, his social security number and birthdate.

## Discussion

The essential elements of a constitutional claim under § 1983 are (1) that the defendant acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. <u>Schmidt v. City of Bella Villa</u>, 557 F.3d 564, 571 (8th Cir. 2009). None of the defendants in this action are alleged to be, or have been, state actors. Accordingly, plaintiff cannot state a claim against them under § 1983.

Furthermore, it is not entirely clear whether plaintiff's "invasion of privacy"/"breach of confidence" claim(s) have been brought as "right to privacy" claims under the Fourth Amendment of the Constitution or in some other manner yet unspecified.[5] To the extent plaintiff is indeed attempting to state a "right to

---

[4]The Cook Inlet Housing Authority was created by the Alaska Legislature in 1974 to ensure that elders, individuals and families in the Cook Inlet region would have access to quality, affordable housing.

[5]To the extent that plaintiff is attempting to assert that defendants violated the privacy provisions of say, the Health Insurance Portability and Accountability Act ("HIPAA"), Pub.L.No. 104-191, 110 Stat. 1936 (1996), plaintiff is simply

privacy" claim under § 1983 and the Fourth Amendment, his claim fails for the same reason as noted above - none of the defendants are state actors and thus cannot be held liable under § 1983.

Moreover, plaintiff's conclusory allegations of an "invasion into his privacy" offer nothing more than a "[t]hreadbare recital[] of a cause of action's elements" and are not entitled to an assumption of truth. Iqbal, 129 S. Ct. at 1949. Simply put, there are no non-conclusory allegations that would show that plaintiff was deprived of any rights provided to him under the Constitution or that defendants discriminated against in any way; thus, the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Twombly, 550 U.S. at 557; Iqbal, 129 S. Ct. at 1949. As a result, the Court will dismiss this action for failure to state a claim upon which relief can be granted. To the extent plaintiff has alleged state law claims for relief, these claims will be denied without prejudice pursuant to 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis [Doc. #2 and #6] are **GRANTED**.

---

incorrect. There is no private cause of action under HIPAA. See Acara v. Banks, 470 F.3d 569, 572 (5th Cir. 2006); Bradford v. Blake, 2006 WL 744307 (E.D.Mo. 2006).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that to the extent plaintiff has brought state law claims for relief, these claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

**IT IS FURTHER ORDERED** that all other pending motions, including plaintiff's motions for contempt, are **DENIED AS MOOT**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of December, 2013.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE